United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESUS MONTEROSO,

    Plaintiff,

  v.

CITY OF SAN LEANDRO, et al.,

    Defendants.

No. C 12-05849 YGR (PR)

**ORDER RECLASSIFYING CASE; DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND DIRECTING PLAINTIFF TO PAY THE FILING FEE OR FILE A COMPLETED** *IN FORMA PAUPERIS* **APPLICATION**

      This case was commenced when Plaintiff filed a document captioned "Complaint for Damages and Jury Demand." It was classified as a "Civil Rights: Other" (nature of suit 440). However, a review of the complaint indicates that Plaintiff is incarcerated and thus, it should have been classified as a "Prisoner: Civil Rights" (nature of suit 550). The Clerk of the Court shall reclassify the case on the docket as a "Prisoner: Civil Rights," nature of suit 550.

      Plaintiff has not filed his complaint on the Court's civil rights complaint form, which would greatly assist in clarifying the issues. The present "Complaint for Damages and Jury Demand" is DISMISSED with leave to amend on the Court's civil rights complaint form within **twenty-eight (28) days** of the date of this Order. Plaintiff should note, however, that he must have exhausted his state administrative remedies before the complaint is filed; exhaustion afterwards is not sufficient to avoid dismissal. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

      Furthermore, Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a). If the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See id.* § 1915(a)(1),

1  (2). If the court determines that the plaintiff is unable to pay the full filing fee at the time of filing,
2  the plaintiff will be granted leave to proceed *in forma pauperis* (IFP). This means that the filing fee
3  must be paid by way of an installment plan, according to which the Court first will assess and collect
4  a partial filing fee from the prisoner, and then the prisoner will be required to make monthly
5  payments of twenty percent of the preceding month's income credited to the his account until the full
6  $350.00 filing fee is paid. *Id.* § 1915(b)(1). The agency having custody of the prisoner is
7  responsible for forwarding to the court payments from his account each time the amount in the
8  account exceeds ten dollars. *See id.*

9  Accordingly, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or
10 Costs (docket no. 3) is DENIED. Before the Court will proceed to review his amended complaint,
11 Plaintiff is hereby ORDERED to pay the $350.00 filing fee in full or to file a completed application
12 to proceed IFP using the enclosed form. Plaintiff shall do so within **twenty-eight (28) days** of the
13 date of this Order.

## CONCLUSION

15 1. The Clerk shall reclassify the case on the docket as a "Prisoner: Civil Rights," nature
16 of suit 550.

17 2. The complaint is DISMISSED with leave to amend. Plaintiff may file an amended
18 complaint on the Court's form for prisoner Section 1983 complaints within **twenty-eight (28) days**
19 of the date of this Order. Plaintiff must write the case number for this action -- Case No. C 12-
20 05849 YGR (PR) -- on the form and complete all sections of the form. Plaintiff is particularly
21 directed to name as defendants each person who caused a violation of his constitutional rights and
22 explain what each person did to cause the violation. Liability under § 1983 arises only upon a
23 showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th
24 Cir. 1989). There is no *respondeat superior* liability under § 1983, i.e., no liability under the theory
25 that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v.*
26 *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under

§ 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (docket no. 3) is DENIED. Plaintiff is ORDERED to pay the $350.00 filing fee in full or to file a completed application to proceed IFP using the enclosed form within **twenty-eight (28) days** of the date of this Order.

4. **Failure to file an amended complaint or failure to pay the filing fee or submit a completed IFP application as ordered herein by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice.**

5. The Clerk shall send Plaintiff a blank civil rights form and the Court's prisoner IFP application form along with his copy of this Order.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: January 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.12\Monteroso5849.reclass&DWLA.wpd         3